**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**


RAYMOND JOHN BILLINGS                                        PLAINTIFF

v.                              4:06CV01382-WRW
                                (LEAD CASE)

AEROPRES CORPORATION                                        DEFENDANTS

KERRI DINGMAN, as Special Administratrix
of the Estate of Kirk Dingman, deceased                      PLAINTIFF

v.                              4:07CV00010-WRW
                                (CONSOLIDATED CASE)

AEROPRES CORPORATION and
AEROPRES PROPANE, INC.                                       DEFENDANTS


## ORDER

Plaintiff John Billings ("Billings") has filed a Motion to Strike Defendant's Notice of

Non-party Liability and Motion for a Declaratory Judgement.[1]  Defendant Aeropres Corporation

("Aeropres") has responded.[2]

This is a products liability case arising from an explosion and fire which caused personal

injury in a work-related accident.  Aeropres supplied odorless propane gas to Billings's

employer.  Billings alleges, among other things, that Aeropres failed to warn of its product's

inherent dangers.  Aeropres filed notice that the fault of Billings's employer should be

considered and apportioned.

---

[1]Doc. No. 45.

[2]Doc. No. 56.

Billings asks to strike this notice,[3] which was filed under Ark. Code Ann. § 16-55-202, and also asks that this provision be declared unconstitutional.

Aeropres counters that the Arkansas General Assembly abolished joint and several liability because it is in the public's interest to apportion the fault of all individuals and entities -- even that of non-parties.  Aeropres also argues that Ark. Code Ann. § 16-55-202 is constitutional.

## I.  Background

As a result of the accident in this case, Billings received benefits under the Arkansas Workers' Compensation Act.[4]  Employers are immune from tort liability for work-related injuries because expeditious payment of benefits under workers' compensation is the exclusive remedy for such injuries.[5]

Traditionally, fault in Arkansas could not be apportioned to an immune employer[6] or to any other non-party.[7]  This rule was based, in part, on Arkansas's Comparative Fault Act, which

---

[3]Doc. No. 43.

[4]Ark.Code Ann. §§ 11-9-101-1001.

[5]*Hapney v. Rheem Mfg. Co*., 341 Ark. 548, 558 (2000) (explaining that when the workers' compensation law was enacted, employees were compelled to give up the chance of recovering unlimited damages in fault-related cases in return for a certain recovery in all work-related cases); see also *Moses v. Hanna's Candle Co*., 366 Ark. 233, 234 (2006) (holding that the exclusive remedy for an injury in the course of employment is a claim under the Workers' Compensation Act, and the Workers' Compensation Commission has exclusive jurisdiction).

[6]*W. M. Bashlin Co. v. Smith*, 277 Ark. 406, 423 (1982) (holding the employer is immune from third-party tortfeasors' claims).

[7]*Booth v. United States Indus*., 583 F. Supp. 1561 (W.D. Ark. 1984) (stating that a jury should not be permitted to assign a percentage of fault to a person who is not a party to the suit); see also *Belz-Burrows, L.P. v. Cameron Constr. Co*., 78 Ark. App. 84 (2002) (holding that

2

provides that a plaintiff's fault may be compared with the fault chargeable to "the *party* or *parties* from whom [he] seeks to recover damages."[8]

The 2003 Arkansas Civil Justice Reform Act ("CJRA")[9] abolished joint and several liability:[10]  "[E]ach defendant shall be liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault."[11]  The CJRA also includes the following provision:

> In assessing percentages of fault, the fact finder shall consider the fault of all persons or entities who contributed to the alleged injury or death or damage to property, tangible or intangible, *regardless of whether the person or entity was or could have been named as a party to the suit.*[12]

Aeropres argues that this provision applies to employers just as it does to other non-parties, and has designated Billings's employer as a non-party responsible for a portion of Billings's damages.

The CJRA sets out a notice procedure requiring a defendant to file notice that identifies any non-party allegedly at fault for the injury, along with a brief statement that describes the basis for alleging fault.[13]  In this case, Aeropres designated Detco Industries ("Detco"), Terco Incorporated ("Terco"), and David Maddox Elliott ("Elliott") as non-parties whose fault should

---

Arkansas's Comparative Fault Act permit comparison of fault to parties only).

[8]Ark Code Ann. § 16-64-122(a) (emphasis added).

[9]Ark. Code Ann. §§ 11-55-201-220.

[10]Ark. Code Ann. § 16-55-201(a).

[11]Ark. Code Ann. § 16-55-201(b)(1).

[12]Ark. Code Ann. § 16-55-202(a) (emphasis added).

[13]Ark. Code Ann. § 16-55-202(b)(c).

be apportioned.[14]  Aeropres's notice alleges that: (1) Detco failed to provide a safe workplace;
(2) Elliott negligently maintained and operated the aerosol equipment at the facility; (3) and
Terco manufactured faulty equipment.[15]

Billings objects to weighing the fault of his employer, Detco, or of Elliott, another Detco
employee, but concedes that fault may be apportioned to Terco.  Billings asserts that Detco and
Elliott are immune from civil liability,[16] arguing that they are not tortfeasors whose fault can be
weighed by a jury.  Billings also challenges the constitutionality of the CJRA alleging that (1) it
infringes on the fundamental right to trial by jury, which requires a strict-scrutiny standard of
review; (2) it fails even the rational-basis test because there is no connection between the
purpose of the legislation and apportioning fault to a non-party; and (3) it violates substantive
due process because it is fundamentally unfair.

Aeropres counters that, even before the CJRA, defendants were permitted to prove that a
plaintiff's damages were caused by a non-party.[17] Aeropres argues that an employer's faulty
conduct has always been considered in civil cases, when a defendant attempts to place blame for
an accident on an absent person or entity, *i.e.*, the "empty chair defense."

With respect to Billings's constitutional challenge, Aeropres responds that: (1) a
constitutionally protected right has not been identified; (2) at most, the CJRA is subject to
rational-basis review; and (3) apportioning fault to a non-party passes the rational basis test.

---

[14]Doc. No. 43.

[15]*Id.*

[16]*Gafford v. Cox*, 84 Ark. App. 57, 60 (2003) (holding that employers, co-workers, and supervisors are immune from tort liability).

[17]*Cowart v. Case Jones Contractor, Inc.*, 467 S.W.2d 710 (1971).

## II.  Standard of Review for Constitutional Challenges

### A.  Rational Basis

If a statute does not affect a fundamental right, its constitutionality will be upheld as long as it bears a rational connection to some legitimate government purpose.[18]   Under this test, the burden is on the party challenging the statute, and the challenger must show that the statute is arbitrary and irrational.[19]   The Arkansas Supreme Court also applies the rational-basis test and will uphold a statute if it is not the product of capricious government action.[20]

### B.  Strict Scrutiny

A statute that infringes on a fundamental constitutional right is subject to strict scrutiny.[21] Under strict scrutiny, a statute is valid only if it is "narrowly tailored to serve a compelling state interest."[22]   The party defending the constitutionality of a statute has the burden of proof under the strict scrutiny test.[23]

---

[18]*Romer v. Evans*, 517 U.S. 620, 631 (1996).

[19]*Red River Service Corporation v. City of Minot, N.D.*, 146 F.3d 583, 590 (8th Cir. 1998).

[20]*Jegley v. Picado*, 349 Ark. 600, 634 (2002).

[21]*Simes v. Arkansas Judicial Discipline & Disability Comm'n*, 368 Ark. 577, 579 (2007) (holding that strict scrutiny must be applied where a fundamental right is involved); see also *United States v. Playboy Entertainment Group, Inc.*, 529 U.S. 803, 816 (2000) (holding that right to free speech is a fundamental right and subject to a strict scrutiny analysis).

[22]*Bullock v. Carter*, 405 U.S. 134 (1972) (right to vote); *Shapiro v. Thompson*, 394 U.S. 618 (1969) (right of interstate travel); *Williams v. Rhodes*, 393 U.S. 23 (1968) (free speech).

[23]*Republican Party of Minnesota v. White*, 416 F.3d 738, 749 (8th Cir. 2005).

## III.  Rules of Statutory Construction

### A.  Interpreting Statutes to Conform to the Constitution

Statutes are construed to be constitutional, when possible.[24]  Under the canon of constitutional avoidance, every reasonable interpretation must be made in order to save a statute from being declared unconstitutional.[25]

### B.  Interpreting Conflicting Statutes

All statutes on the same subject must be construed together and allowed to stand if they can be reconciled.[26]  Arkansas law directs that two statutory schemes are to be viewed as a single system, and effect should be given to the general purpose of this system.[27]  "It is blackletter law for statutory construction to give effect to the specific statute over the general."[28]

---

[24]*Shipley, Inc. v. Long*, 359 Ark. 208 (2004); *Great Lakes Chemical Corp. v. Bruner*, 368 Ark. 74 (2006).

[25]*Gonzales v. Carhart*, __ U.S. ___, 127 S. Ct. 1610, 1631 (2007); see also *Clark v. Martinez*, 543 U.S. 371, 381 (2005) (stating that constitutional avoidance is a tool for choosing between plausible interpretations)).

[26]*City of Fort Smith v. Tate*, 311 Ark. 405, 410 (1993).

[27]*Arkansas County v. Desha County*, 342 Ark. 135, 141 (2000).

[28]*Searcy Farm Supply, LLC v. Merchants & Planters Bank*, 369 Ark. 487, 489 (2007).

**IV. Findings and Conclusions**

Applying the standards of review and the rules of construction set out above, and for reasons more fully explained below, I find:

(1) the CJRA must be interpreted to pass constitutional muster, if possible;[29]

(2) the CJRA must be reconciled with the Arkansas Workers' Compensation Act and the Arkansas Comparative Fault Statute;

(3) Detco and Elliott are Arkansas residents and are subject to the jurisdiction of the Arkansas Workers' Compensation Commission;

(4) based on Article III of the United States Constitution and the Arkansas Workers' Compensation Act, this Court does not have subject-matter jurisdiction over claims against an in-state employer;

(5) without subject-matter jurisdiction, this Court cannot subject Detco and Elliott to compulsory process which is a requirement for a fair trial under the Sixth Amendment;

(6) apportioning fault to an immune non-party employer conflicts with the Arkansas Rules of Civil Procedure pertaining to service of process, notice, cross claims, and third-party claims;[30]

(7) interpreting the CJRA to permit a jury to apportion fault to an immune employer would render the statute unconstitutional for two reasons: (a) it would violate the doctrine of

---

[29]Ark. Code Ann. § 16-64-122.

[30]The Arkansas Rules of Civil Procedure are not applied in federal court. However, under the Arkansas Constitution, the General Assembly cannot encroach on the authority of the Arkansas Supreme Court to supervise court procedure. So, the Arkansas rules are relevant to Plaintiff's assertion that the CJRA is unconstitutional under Arkansas's constitution.

separation of powers under the Arkansas Constitution; and (b) it would violate a fundamental right to a fair trial under the United States Constitution.

## V.  Discussion

### A.  Separation of Powers

#### 1.  Authority

##### a.  Rules of Civil Procedure and Judicial Authority

A judicial inquiry investigates, declares, and enforces liabilities as they stand.[31]  Courts decide the rights of adverse parties on actual issues, and make findings that are concrete, not abstract or speculative.[32]  This process is governed by rules of procedure and evidence.

Under Arkansas procedure, opposing parties are compelled to come to court to present and settle competing claims for relief.  Plaintiffs' claims are initiated by filing a complaint and by serving the complaint in accordance with a process set out in Rule 4 of the Arkansas Rules of Civil Procedure.  Rule 5 of the Arkansas Rules of Civil Procedure governs the process of filing all other motions and claims stemming from the original cause of action.

Under Rule 14 of the Arkansas Rules of Civil Procedure, third-party claims are effected by following the procedure set out in Rule 4, and Rule 5 requirements govern notice of a cross claim.[33]  Under these rules, there must be grounds for liability before a defendant can make a cross claim or third-party claim.  Rule 14 provides that "a defendant party, as a third-party

---

[31]*District of Columbia of Appeals v. Feldman*, 460 U.S. 462, 477 (1983).

[32]*In re Summers*, 325 U.S. 561, 566-567 (1945); see also *Tsann Kuen Enters. Co. v. Campbell*, 355 Ark. 110, 122 (2003) (holding that courts do not sit for determining abstract questions of law).

[33]Ark. R. Civ. P. 13(f).

plaintiff, may cause a summons and complaint to be served upon a person not a party to the

action who is or may be liable to him for all or part of the plaintiff's claim against him . . . ."[34]

The rules on cross claims and third-party claims ensure that all parties with an interest in the

outcome of a lawsuit are given notice and an opportunity to appear and present evidence.[35]

### b.  Statutes that Conflict with Court Rules

The Arkansas Constitution divides the state government into legislative, executive, and

judicial branches[36] and states that "[n]o person, or collection of persons, being one of these

departments, shall exercise any power belonging to either of the others, except in the instances

hereinafter expressly directed or permitted."[37]  Legislative incursion into the sphere of judicial

authority is an unconstitutional violation of the separation of powers.[38]

The Arkansas Supreme Court recognizes that the General Assembly might enact laws

which occasionally conflict with court procedural rules because of public policies and state

interests.[39]  When an important public interest is at stake, the Arkansas Supreme Court will defer

---

[34]Ark. Rule Civ. P. 14.

[35]*Halliman v.* Stiles, 250 Ark. 249, 254 (1971) (holding that the right to be heard has little reality or worth unless one is informed that the matter is pending and can choose whether to appear and contest); *Vanzant v. Purvis*, 54 Ark. App. 384, 388 (1996) (holding that a judgment rendered without notice to parties is void); *Burton v. Creel*, 122 Ark. 349, 350 (1916) (holding that a defendant must be brought within the power of the court by service of summons).

[36]Ark. Const. art. 4, § 1.

[37]Ark. Const. art. 4, § 2.

[38]*Ball v. Roberts*, 291 Ark. 84, 87(1987) (statute prohibiting courts from appointing attorneys in criminal cases violated separation of powers by invading the courts' authority to regulate attorneys' practice).

[39]*State v. Sypult*, 304 Ark. 5, 7 (1990).

to the General Assembly, unless a court rule has been "fundamentally compromised" by the legislation.[40]  If the rule's primary purpose is undermined by a statute, then the rule is given precedence.[41]

### 2. Analysis

Aeropres asserts that CJRA's non-party provision[42] applies to immune employers, and maintains that the CJRA does not conflict with established rules of civil procedure.  I disagree.

An explanation of how the rules of procedure are applied to claims and defenses helps clarify how rules of civil procedure will be fundamentally compromised by apportioning fault to non-parties.  Under the rules of procedure, defenses and claims require different levels of notice. Aeropres's Notice of Non-Party Liability[43] was served on Billings's lawyers, but there is no certificate of service for Detco, Elliott, or Terco.

Because a defendant is not required to provide separate notice for an affirmative defense, if Aeropres has raised an affirmative defense, then Detco, Elliott, and Terco are not entitled to service of process, or any other notice.  After a close examination of the rules of procedure, it is clear that alleging non-party responsibility for a portion of damages is not an affirmative defense, but rather is a third-party claim.  This distinction is pivotal to the issue now before the Court.

---

[40]*Id.*

[41]*State v. Lester*, 343 Ark. 662, 669 (2001).

[42]Ark. Code Ann. § 16-55-202.

[43]Doc. No. 43.

An affirmative defense is raised by a party to avoid liability by operation of law.[44]  A defense, by its nature, is asserted against an opposing party,[45] not against co-parties or third-parties.

On the other hand, cross claims and third-party claims are requests for affirmative relief based on the actions and alleged liability of persons other than a plaintiff.[46]  In other words, when a defendant asks a court to reduce its share of liability by apportioning fault, it is asking for affirmative relief based on the conduct of a third person.

Aeropres counters that the "empty chair defense" has always been a valid trial strategy. However, the "empty chair defense" involves a question of causation, not fault.

While juries in Arkansas have historically not been permitted to assign fault to a person who is not a party,[47] they are, and always have been, allowed to consider evidence that a non-party's conduct was a *superceding* cause of a plaintiff's damages.[48]  Alleging that an event is a superceding cause is an affirmative defense for two reasons: (1) it is asserted against  a plaintiff, and not against a third-party or co-defendant; and (2) it is directed at a plaintiff's ultimate burden to prove causation.

---

[44]*Kilb v. Morgan*, 313 Ark. 274, 281 (1993).

[45]Ark. R. Civ. P. 8 (rule governing pleadings and establishing that affirmative defenses are asserted in response to a claim by an adverse party).

[46]*Northwest Motors, Inc. v. Creekmore*, 229 Ark. 755, 758 (1958).

[47]*E-Ton Dynamic Industrial Corp. v. Hall*, 82 Ark. App. 35, 41 (2003) (citing *Booth*, 583 F. Supp. at 1562.)

[48]*Hill Construction Co. v. Bragg*, 291 Ark. 382, 386 (1987) (emphasis added).

Causation and fault are different.[49]  Proximate cause involves determining whether an injury is the result of a natural and continuous series of events.[50]  Whether there is an intervening cause is simply a question of whether the original act of negligence or an independent cause is the proximate cause of an injury.[51]  A superceding cause is not a cause that is apportioned; rather, it is an event without which the injury would not have occurred.[52]  So, the "empty chair defense" involves very different and legally distinct concepts and degrees of proof

In sum, a demand to apportion the fault of a non-party must be done in accordance with the Arkansas Rules of Civil Procedure.  Under these rules, a claim for apportionment against a non-party does not fit the description of an affirmative defense, but it does fit the description of a third-party claim.  The Arkansas Rules of Civil Procedure require that third-party claims be filed and served under Rule 4.  Ignoring these notice rules conflicts with traditional practice and procedure, undermines the fair administration of justice, and creates an unconstitutional intrusion into the Supreme Court's rule-making authority.

## B.  Procedural Due Process

### 1.  Authority

#### a.  Subject-Matter Jurisdiction and Compulsory Process

---

[49]*Collier v. Citizens Coach Co.*, 330 S.W.2d 74, 76 (1959) (explaining the difference between cause and negligence by stating that proximate cause is a rule of physics and not a criterion of negligence).

[50]*Kubik v. Igleheart*, 657 S.W.2d 545, 546 (Ark. 1983).

[51]*City of Caddo Valley v. George*, 9 S.W.3d 481, 487 (Ark. 2000).

[52]*Id.*

The provisions of law investing a court with authority to adjudicate a controversy are referred to as the rules of subject-matter jurisdiction.[53]  Subject-matter jurisdiction defines a court's statutory or constitutional power to consider the case.[54]

The United States Supreme Court has defined subject-matter jurisdiction as a court's power, not its right, to hear a case.[55]  The Arkansas Supreme Court has explained that jurisdiction is the power of the court to conclude a controversy between the *parties*.[56]

The outer boundaries of subject-matter jurisdiction of the federal courts is determined by the United States Constitution,[57] and the Arkansas Constitution defines the subject-matter jurisdiction of its state's courts.[58]

The United States Constitution provides that judicial power "shall extend . . . to cases and controversies . . . between citizens of different states."[59]  In Arkansas, the exclusive remedy for an injury arising out of and in the course of employment is a claim under the Workers'

---

[53]Restatement (Second) of the Law of Judgments § 11 (1982).

[54]*United States v. Cotton*, 535 U.S. 625, 630 (2002); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

[55]*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998).

[56]*State v. Watson*, 307 Ark. 333, 335 (1991).

[57]*Kline v. Burke Constr. Co.*, 260 U.S. 226, 234 (1923) (establishing that Congress cannot expand the jurisdiction of the federal courts beyond the bounds established by the Constitution).

[58]*J.W. Reynolds Lumber Co. v. Smackover State Bank*, 310 Ark. 342 (1992).

[59]U.S. Const. art. III, Sec. 2.

13

Compensation Act,[60] and the Workers' Compensation Commission has exclusive jurisdiction over work-related injuries.[61]

Federal and state courts may exercise territorial jurisdiction over persons only "if the exercise of jurisdiction is not impermissible under federal law, the law of the state itself, or other applicable restriction."[62]

If a court does not have subject-matter jurisdiction, it cannot issue subpoenas, even to non-party witnesses. The United States Supreme Court has held that a non-party witness is not subject to the subpoena power of a court because "the subpoena power of a court cannot be more extensive than its jurisdiction."[63]

### b.  Right to a Fair Trial

The right to a fair trial is a fundamental right, and compulsory service is an indispensable component of this right.[64] Parties must be able to compel the appearance of witnesses and the production of evidence. A valid judgment depends on the presentation of all the evidence.

---

[60]*Moses v. Hanna's Candle Co.*, 366 Ark. 233, 234 (2006).

[61]*Van Wagoner v. Beverly Enterprises*, 334 Ark. 12 (1998); ARK. CODE ANN. § 11-9-105(a) (stating that the rights granted under this act are exclusive of all other rights of an employee or anyone entitled to recover damages from the employee).

[62]Restatement (Second) Judgments § 4 (1982).

[63]*U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 642 (1950)).

[64]*Washington v. Texas*, 388 U.S. 14,19 (1967) (a right to present evidence to establish a defense is a fundamental element of due process of law).

"Court proceedings are held for the solemn purpose of endeavoring to ascertain the truth which is the *sine qua non* of a fair trial."[65]   In order to ascertain the truth, a fact finder must have the opportunity to listen to witnesses and weigh evidence.

The right to compel testimony must be weighed against public interests, including the "integrity of the adversary process, which depends both on the presentation of reliable evidence and the rejection of unreliable evidence, the interest in the fair and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process."[66]

### 2. Analysis

Aeropres argues that apportioning fault to a non-party employer does not violate Billings's fundamental rights.  But, apportioning fault to an immune employer will compromise the truth-determining function of a trial, and this is fundamental.

There is no federal or state subject-matter jurisdiction over claims brought against Detco and Elliott for work-related injuries of employees of Detco.  They are subject to the exclusive authority of the Arkansas Workers' Compensation Commission.  Furthermore, they live in the same state as Billings, precluding federal diversity jurisdiction.  Without jurisdiction, there is no compulsory process.  Without compulsory process, there is no due process.

Under Aeropres's interpretation of the CJRA, an immune employer's fault can be apportioned by a jury, even though essential witnesses cannot be compelled to testify or produce evidence.  Moreover, plaintiffs would be put in the position of defending an employer's conduct without access to all the evidence.

---

[65]*Estes v. State of Texas*, 381 U.S. 532, 540 (1965).

[66]*U.S. v. Sparkman*, Civ. No. 06-3520, 2007 WL 2492684, at *2 (8th Cir. Sept. 6, 2007) (quoting *Taylor v. Illinois*, 484 U.S. 400, 414-15 (1988).

Under the CJRA, a finding that a non-party is at fault cannot be used in any other proceeding.[67]  However, an employer's sworn testimony could be used in later proceedings to impeach his credibility.[68]  In view of this, an employer is not likely to voluntarily submit to a court's jurisdiction and provide testimony that may be used against him before the Workers' Compensation Commission or the Occupational Safety and Health Administration.  These agencies have the power to investigate, hold hearings, and impose substantial penalties on employers for safety violations.[69]

A fair trial requires that the parties have  the ability to put on the reliable evidence so a jury can arrive at the truth.  Allowing a jury to make specific findings concerning the conduct of an entity or person who is not in the courtroom undermines the purpose of the adversarial process.  Because this issue involves a fundamental right, a strict-scrutiny standard of review applies.   It is not necessary, however, to apply either a strict-scrutiny or a rational-basis standard if the constitutional questions can be avoided by plausible interpretation.

The CJRA can be reasonably interpreted to comply with the United States and Arkansas Constitutions, and to conform with the Arkansas Workers' Compensation Act and the Arkansas Comparative Fault Act.

It is reasonable to find that the General Assembly did not intend to encroach on the rule-making authority of the judicial branch, or to undermine employer immunity under the Workers'

---

[67]Ark. Code Ann. 16-55-202.

[68]Ark. R. Evid. 613 and Fed. R. Evid. 613.

[69]Ark. Code Ann. § 11-9-409(c) and § 11-9-503 (giving the Arkansas Workers' Compensation Commission authority to fine an employer for failing to comply with worker safety regulations); 29 U.S.C. §§ 651-679 (giving OSHA the power to investigate and penalize employers for violations of safety and health regulations).

Compensation Act.  Therefore, § 16-55-202 can be read to apply to persons or entities that *can be joined* in the action, by either a cross claim or by a third-party claim.  This interpretation maintains employer immunity.

It is also reasonable to find that the non-party notice requirements[70] apply in *addition to* civil procedure rules.  Non-party notice under the CJRA, without more, applies only to cross-claimed co-defendants that settled before trial.  This interpretation preserves the structure and integrity of the civil procedure system.

This interpretation of the CJRA is also compatible with the Arkansas Comparative Fault Act, which limits apportionment of fault to a "*party or parties* from whom the claiming party *seeks to recover damages*."[71]  The CJRA pertains to fault apportionment in a general way.  On the other hand, the Arkansas Comparative Fault Act specifically defines fault and identifies whose fault can be apportioned.  Because, these two provisions address the same subject matter, it is reasonable to find that the General Assembly intended that the general terms of the CJRA be subject to the specific terms of the Arkansas Comparative Fault Act.

## VI. Conclusion

Accordingly, Plaintiff John Billings's Motion to Strike (Doc. No. 45) is GRANTED.  The fault of Detco Industries and David Maddox Elliott, citizens of Conway, Arkansas, cannot be apportioned by the jury, but their fault may be considered as a superceding proximate cause of Plaintiffs' damages.  The fault of Terco, Inc., a citizen of Bloomingdale, Illinois, can be apportioned by the jury, if a third-party complaint is filed by Aeropres Corporation in accordance with the Rules of Civil Procedure.

---

[70]Ark. Code Ann. § 16-55-202(b)(2).

[71]Ark. Code Ann. § 16-64-122(a) (emphasis added).

17

IT IS SO ORDERED this 9th day of November 2007.


                                        /s/Wm. R. Wilson, Jr.
                                        UNITED STATES DISTRICT JUDGE